# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Medina-Armenta, | Case No. CV 05-818-PHX-ROS (JM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Department of Homeland Security, et al., | |
| Defendants. | |

In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, enter a final judgment in this case or, alternatively, dismiss the action for want of prosecution.

**I.    BACKGROUND**

In November 2003, Plaintiff Ignacio Medina-Armenta was arraigned and charged by the State of Arizona on four counts of first degree murder. The charges arose from the November 3, 2003, shooting deaths of four undocumented immigrants from Mexico.

On March 17, 2005, while incarcerated and awaiting trial, Plaintiff filed a Complaint for Injunction [*Docket No. 1*], accompanied by an Application for Preliminary Injunction [*Docket No. 4*]. In the Complaint and the Application, Plaintiff explains that witness interviews had been conducted in the State case and that Melchor Figueroa-Popoca, a Mexican citizen, had been identified as an eyewitness who would provide testimony exculpatory to Plaintiff. According to Plaintiff, Figueroa-Popoca had been residing in

1 Chicago, Illinois, with the express authorization of Immigration and Customs Enforcement
2 ("ICE"), but that on February 25, 2005, Plaintiff was informed that ICE intended to deport
3 Figueroa-Popoca.  As such, Plaintiff filed the instant Complaint and Application for
4 Preliminary Injunction alleging that the deportation of Figueroa-Popoca would violate his
5 Fifth, Sixth, Eighth and Fourteenth Amendment rights, and requesting that the Defendants
6 be enjoined from deporting Figueroa-Popoca until he was no longer needed as a defense
7 witness.  In response to the Motion, Defendants indicated that ICE had decided that
8 Figueroa-Popoca would not be deported and alleged that the matter was therefore moot.

9 On March 21, 2005, District Judge Silver conducted a hearing on the Application for
10 Preliminary Injunction.  *Docket No. 7*.  During the hearing, Judge Silver allowed Jose
11 Molina-Gastelum, Plaintiff's co-defendant in the State case, to intervene in the action.  In the
12 Minute Entry issued after the hearing, Judge Silver ordered that the Defendants "prepare a
13 form of order by 12:00 p.m. on March 22, 2005, indicating that the defendants will comply
14 with all of the representations made in court." [*Id.*].

15 On March 22, 2005, Judge Silver entered her order on the Application for Preliminary
16 Injunction.  *Docket No. 13*.  Defendants were ordered, *inter alia*, to allow Figueroa-Popoca
17 to remain in the United States "until such time as his testimony is no longer necessary in the
18 state prosecution."  No other action has been taken in the case since the entry of the order on
19 the Preliminary Injunction.

20 **II.** **DISCUSSION**

21 Based on the procedural and factual history of this case, the Magistrate Judge
22 recommends that the District Court convert the preliminary injunction into a permanent
23 injunction and enter judgment accordingly.  Factually, such an approach is supported by the
24 record which establishes the parties are in agreement that Figueroa-Popoca would not be
25 deported until his presence in the United States was no longer necessary in relation to the
26 State prosecutions of the Plaintiff and Intervenor.  Procedurally, the conversion of the
27 preliminary injunction into a permanent injunction can by accomplished by stipulation of the
28 parties or pursuant to Rule 65(a)(2), Fed.R.Civ.P.  The latter provision allows the evidence

1 received at the hearing on the preliminary injunction to become part of the record to be
2 considered upon trial of the matter. As such, if the parties do not object to the procedure and
3 do not need or want a trial on the merits, the Court can enter the final order on the existing
4 record.

5 Alternatively, an order to show cause can be issued based on the Plaintiff's failure to
6 prosecute this action. Although Defendants filed a response to the application for
7 preliminary injunction, an answer has yet to be filed and the time for doing so has long-since
8 expired. *See* Rule 12(a)(3)(A), Fed.R.Civ.P. (allowing 60 days after service for the filing of
9 an answer). However, Plaintiff has not sought a default of the Defendants or taken other
10 action in this matter. Pursuant to Local Rule–Civil 41.1, after notice is given and a status
11 hearing is conducted, any action which has had no proceedings for six months may be
12 dismissed by the court for want of prosecution unless the parties can show good cause why
13 such action should not be taken.

14 **III.    RECOMMENDATION**

15 For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that
16 the District Court, after its independent review and notice to the parties, enter a permanent
17 injunction and final judgment in this matter.

18 This Recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
20 Appellate Procedure, should not be filed until entry of the District Court's judgment.

21 However, the parties shall have ten (10) days from the date of service of a copy of this
22 recommendation within which to file specific written objections with the District Court. *See*
23 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
24 Thereafter, the parties have ten (10) days within which to file a response to the objections.
25 If any objections are filed, this action should be designated case number: **CV 05-818-PHX-**
26 **ROS**. Failure to timely file objections to any factual or legal determination of the Magistrate
27 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
28 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

1   DATED this 13th day of February, 2007.

*[signature]*
Jacqueline Marshall
United States Magistrate Judge

- 4 -